IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F.,[1] | ) |
|           Plaintiff, | ) |
|     v. | ) No. 20 C 1830 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) Magistrate Judge Maria Valdez |
|           Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Matthew F.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to remand [Doc. No. 25] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 28] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

**I.     PROCEDURAL HISTORY**

On April 15, 2014 and October 16, 2014, respectively, Plaintiff filed claims for DIB and SSI alleging disability since March 12, 2013. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 27, 2016. On September 27, 2016, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. Plaintiff then appealed to this Court, and, finding error, this Court remanded the case on May 31, 2018.

After remand, another hearing before the same ALJ was held on February 14, 2019. Plaintiff personally appeared and testified at the hearing and was represented by a non-attorney representative. A vocational expert ("VE") also testified. On March 13, 2019, the ALJ again denied Plaintiff's claims for benefits, finding him not disabled under the Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's March 13, 2019 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 12, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: a spine disorder; dysfunction of a major joint (right knee); anxiety; depression; and posttraumatic stress disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl; should avoid concentrated exposure to unprotected heights and moving, mechanical parts, as well as vibration; is limited to occasional interaction with the public; is limited to simple and routine type work; and would be off-task up to 10% of the workday. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a maintenance mechanic helper, machine operator, heating and air conditioner installer-servicer helper, construction worker, automobile service station mechanic helper, or commercial cleaner.

At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

**I.    ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the

4

burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

5

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to develop the record in regards to Plaintiff's mental limitations; and (2) the ALJ failed to provide an accurate and logical bridge from the evidence to her RFC assessment. Each argument will be addressed below in turn.

####    A.   **The ALJ's Development of Record Regarding Plaintiff's Mental Limitations**

In advancing his first argument, Plaintiff contends that the ALJ did not fully and fairly develop the record regarding Plaintiff's alleged mental limitations. More specifically, Plaintiff asserts that "the ALJ's mental RFC determination is not supported by any *medical opinion* in the record, as none relate to such limitations." (Pl.'s Memo at 5-6 (emphasis added).) According to Plaintiff, "[t]he ALJ's failure to support her RFC determination with any *opinion evidence* whatsoever was error." (*Id.* at 9 (emphasis added).)

Pertinent to Plaintiff's argument in that regard, the Seventh Circuit has made clear that "[t]he claimant bears the burden of producing medical evidence that supports her claims of disability." *Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008); *see also Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("The claimant bears the burden of submitting medical evidence establishing her impairments and her residual functional capacity.") (citations omitted). Further, specifically concerning Plaintiff's argument pertaining to a purported dearth of medical

opinions, it was his burden to present medical opinions supporting his alleged mental limitations. *See Roth v. Berryhill*, No. 17 C 50196, 2018 U.S. Dist. LEXIS 198438, at *2 (N.D. Ill. Nov. 21, 2018) ("It was Plaintiff's burden to present medical opinions supporting her position and [to] develop legal arguments as to why the decision was erroneous. Plaintiff did neither.").

Based on this legal framework, the first point of error raised by Plaintiff necessarily fails, as Plaintiff himself did not offer the medical opinions he now claims were lacking. *See Frank J. v. Saul*, No. 19 C 3176, 2020 U.S. Dist. LEXIS 204693, at *11 (N.D. Ill. Nov. 3, 2020) (rejecting claimant's substantial evidence argument where "[c]laimant did not submit to the ALJ any medical opinion that his impairments caused more limitations than the ALJ assessed"); *Charles F. v. Saul*, No. 18 C 618, 2019 U.S. Dist. LEXIS 134940, at *15 (N.D. Ill. Aug. 12, 2019) ("[The claimant] contends that the treating doctor's opinion would be 'valuable information' to support his claim. Therefore, the burden was on [claimant] to supply an opinion from Dr. Vermillion.").

As stated above, Plaintiff was represented by a non-attorney representative at the hearing. However, Plaintiff does not argue that he did not validly waive his right to counsel. Relatedly, Plaintiff has not asserted that – in light of his non-attorney representation – the ALJ had a heightened duty to develop the record regarding Plaintiff's alleged mental limitations. *Cf. Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (ALJ's duty to develop the record "is enhanced when a claimant appears without counsel; then the ALJ must scrupulously and conscientiously [ ]

8

probe into, inquire of, and explore for all relevant facts") (internal quotes and citation omitted). Furthermore, as Defendant points out, and Plaintiff does not rebut, Plaintiff in fact "had representation throughout the life of this claim" as he "retained an attorney for his district court claim regarding the September 2016 decision." (Def.'s Memo at 5.) Ultimately, "Plaintiff has had ample time over the long arc of this case to procure a medical opinion to strengthen [his] case, but [he] has not obtained one." *Katie P. v. Saul*, No. 19 CV 50078, 2020 U.S. Dist. LEXIS 84340, at *23 (N.D. Ill. May 13, 2020). Plaintiff cannot now blame the ALJ for his own lapse in that respect.

### B. The ALJ's RFC Assessment

In advancing his second argument, Plaintiff contends broadly that "the ALJ failed to include a narrative discussion describing how the evidence supported her RFC determination." (Pl.'s Memo at 10.) According to Plaintiff, the ALJ's statement that "the above residual functional capacity is supported by the medical findings, nature and frequency of treatment, and other factors discussed above" is a "blanket statement [that] fails to build an accurate and logical bridge from the evidence to the ALJ's very specific RFC determination." (*Id.*)

Pertinent to Plaintiff's argument, the Seventh Circuit has held that "[a]lthough the RFC assessment is a function-by-function assessment, the expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient." *Knox v. Astrue*, 327 F. App'x 652, 657 (7th Cir. 2009) (citations and

internal quotations omitted) Put differently, "[w]hile not requiring a function-by-function analysis, . . . an ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." *Kaczmarek v. Berrhill*, No. 17 C 2785, 2018 U.S. Dist. LEXIS 201135, at *12 (N.D. Ill. Nov. 28, 2018) (citations and internal quotations omitted).

Here, despite Plaintiff's contentions, in analyzing Plaintiff's RFC, the ALJ did provide a lengthy narrative discussion of Plaintiff's symptoms, pertinent medical evidence and opinions, and nonmedical evidence, and the ALJ's cited evidence does support her ultimate RFC determinations. (R. 807-816.) The Court need not recite the ALJ's 10-page analysis herein. The ALJ was not required to engage in a function-by-function analysis, as Plaintiff essentially calls for. Accordingly, the Court rejects Plaintiff's second argument.[3]

---

[3] As set forth above, in her RFC assessment, the ALJ determined that Plaintiff would be off task up to 10% of the workday. Plaintiff complains that "[n]owhere in the decision is this limitation explained." (Pl.'s Memo at 11.) However, Plaintiff's argument in that regard fails, as the ALJ's determination is generally supported by the evidence she cited. Furthermore, Plaintiff does not actually argue that he in fact would need to be off task more than 10% of the workday.

10

## **CONCLUSION**

For the foregoing reasons, the points of error raised by Plaintiff are not well-taken. Accordingly, Plaintiff's motion to remand [Doc. No. 25] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 28] is granted.

**SO ORDERED.**　　　　　　　　　　　　**ENTERED:**

*Maria Valdez*

**DATE:　January 7, 2022**　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

11